TILLMAN PEARSON, Judge.
Montague Fred Rayne, who is the appellant here, was an employee of the defendant, The Wackenhut Corporation. The defendant, George R. Wackenhut, is the founder and president of the defendant corporation. Rayne, who had previously been the resident manager of The Wackenhut Corporation in the territory of Puerto Rico, entered into a contract with the corporation by which he agreed to become a vice president of the corporation for a period of three years.
Rayne’s compensation was set in the agreement with the provision that, for the period ending December 31, 1961, he was to receive 50% of the net profits of the Puerto Rican Corporation, and for the periods commencing January 1, 1962, he was to receive a certain salary but not less than the compensation received for the period ending December 31, 1961.
Eighteen months prior to the expiration of the contract of employment, Rayne was discharged. The contract provided that he could be discharged only under certain circumstances, one of which was “just cause.” Shortly after his discharge Rayne institut-ted the suit, with which we are concerned, in equity. In so doing, he elected not to proceed at common law for the balance of his salary claimed but added this claim to his suit in equity in which he alleged that he was entitled to an accounting to determine whether or not the compensation he had received, and to which he claimed to be entitled, was actually as much as 50% of the net profits from the business in Puerto Rico in 1961. His complaint not only alleged that the plaintiff was discharged pri- or to the expiration of his contract but that he was wrongfully discharged. The defendants answered denying that the plaintiff was wrongfully discharged.
The chancellor took testimony and received evidence of the plaintiff and at the conclusion thereof, granted a motion of the defendants in the nature of a motion for directed verdict and entered a final decree and final judgment in which he found as follows:
1. The plaintiff has failed to prove by competent evidence the material allegations of his complaint.
2. Under the contract between the Plaintiff and the Defendant The Wack- *356 enhut Corporation, the Plaintiff is entitled to salary to and including July 25, 1963, which the court finds to be in the sum of $2,300.00.
3. The Defendant The Wackenhut Corporation has proved by competent evidence the material allegations of Count I of its counterclaim (seeking an order requiring Plaintiff to return to Defendant all documents or copies thereof, or other properties belonging to the Defendant which the Plaintiff has in his possession or control).
4. The Defendant The Wackenhut Corporation has failed to prove by competent evidence the material allegations of Count II of its counterclaim (seeking the return of the sum of $4,885.88), the court finding that the payment of said sum to the Plaintiff was not a loan but was in the nature of an advance against future profits which cannot be recovered by the Wackenhut Corporation.
5. The Defendant The Wackenhut Corporation orally moved for an order authorizing it to hold in abeyance proof on Counts III (seeking the return of $13,-000.00 paid by the Defendant to the Plaintiff), Count IV (seeking any sums due the Defendant if an accounting was ordered), Count V (seeking an order enjoining Plaintiff from making false and derogatory statements about the Defendant corporation and otherwise interfering with its peaceful operations in Puerto Rico, and awarding compensatory damages), Count VI (seeking an order enjoining the Plaintiff from making false, defamatory, libelous' and slanderous statements about the Defendant and awarding compensatory damages), of its counterclaim, or in the alternative to enter an order authorizing a voluntary dismissal as to said Counts without prejudice. The Defendant George R. Wackenhut similarly moved as to its counterclaim (seeking an order enjoining the Plaintiff from uttering false, defamatory, slanderous and libelous statements about the said Defendant). The court finds that these motions should be denied and that Counts III, IV, V and VI of the corporate Defendant’s counterclaim and the counterclaim of George R Wackenhut should be dismissed with prejudice.
6. The court finds that the Defendant The Wackenhut Corporation has voluntarily dismissed Count VII of its counterclaim (seeking an order enjoining the Plaintiff from engaging in business competitive with that engaged in by the Defendant) and the court finds that the Defendant should be permitted to do so.
7. Each of the parties should bear his or its own cost.
Based upon these findings the court made the following decree:
“IT IS ORDERED, ADJUDGED AND DECREED that
“A. Defendants’ motion for Judgment in their favor be and the same is hereby granted; and Final Judgment be and.the same is hereby entered in favor of the Defendants The Wacken-hut Corporation, a Florida corporation, and George R. Wackenhut, sine die, and against the Plaintiff Montague Fred Rayne with prejudice.
“B. Final Judgment be and the same is hereby entered in favor of the Plaintiff Montague Fred Rayne against the Defendant The Wackenhut Corporation, in the sum of $2,300.00 for which sum let execution issue.
“C. JUDGMENT be and the same is hereby entered in favor of the Defendant The Wackenhut Corporation and against the Plaintiff . Montague Fred Rayne on Count I of Defendant’s counterclaim, and Plaintiff Montague Fred Rayne be and he is hereby ordered and required to deposit with the court to be marked for identification and subsequently delivered to the Defendant The Wackenhut Corporation, all documents and other items in his possession *357 or under his control which belong to The Wackenhut Corporation as business records. The Court reserves jurisdiction of this matter for the purpose of entering any subsequent order or orders pertaining to said documents it deems proper.
“D. Final Judgment be and the same is hereby entered in favor of the Plaintiff Montague Fred Rayne, sine die, and against the Defendant The Wackenhut Corporation with prejudice on Count II of the Defendant The Wackenhut Corporation’s counterclaim.
“E. The motion of the Defendants to hold in abeyance Counts III, IV, V and VI of the corporate Defendant’s counterclaim, and the counterclaim of George R. Wackenhut be and the same is hereby denied; and Final Judgment be and the same is hereby entered in favor of the Plaintiff Montague Fred Rayne, sine die, and against the Defendants The Wackenhut Corporation, a Florida corporation and George R. Wackenhut with prejudice as to Counts III, IV, V and VI of the corporate Defendant’s counterclaim and the counterclaim of George R. Wackenhut.
“F. The motion of The Wackenhut Corporation to voluntarily dismiss without prejudice Count VII of its counterclaim be and the same is hereby granted.
“G. The parties hereto shall each bear his or its own costs.”
The appellant Rayne has appealed the final decree and urges the reversal thereof and the return of the cause to the trial court for the completion of the trial upon two points: first, that the chancellor entered the decree upon an erroneous rule of law in that the chancellor held that under the pleadings in this case the burden of proving discharge for other than a good cause was upon the plaintiff, appellant; second, that the chancellor erroneously held that the plaintiff was i not entitled to an accounting upon the question of the true profits of the business in Puerto Rico subsequent to 1958.
Inasmuch as neither of the points presented by the appellant claim error as co certain portions of the decree, the portions not contested will stand affirmed upon this appeal. See 2 Fla.Jur., Appeals § 382; Cf. Grand Union Super Markets, Inc. v. De Aquinos, Fla.App.1961, 135 So.2d 754. Under this provision we must affirm the decree insofar as it granted a final judgment in favor of the defendant George R. Wack-enhut, individually. In addition paragraph “B” of the final decree which provided for a judgment in favor of the plaintiff Rayne against the defendant, The Wackenhut Corporation, in the sum of $2300 is affirmed. By way of clarification it may be stated that this judgment represents 30 day severance pay which the corporation concedes is due.
In addition, paragraph “C” of the final decree is affirmed upon the same basis. This paragraph provides for the return to the defendant, The Wackenhut Corporation, all documents and other items in the possession or under his control which belonged to The Wackenhut Corporation as business records.
Paragraphs “D” and “F” concern counterclaims brought against the plaintiff by the defendants. Inasmuch as no cross assignments of error have been filed, these paragraphs are affirmed. •
Inasmuch as it affirmatively appears that appellant’s complaint claiming wrongful discharge was dismissed because the chancellor found that all of the evidence before him demonstrated that the plaintiff was discharged for good cause and inasmuch as this conclusion is supported by the record, the chancellor’s dismissal of this portion of the complaint is affirmed. We find that appellant’s contention that the decree of the chancellor was based on an erroneous rule of law, is not well-taken. It is apparent that the plaintiff having al *358 leged absence of good cause proceeded to attempt to prove this claimed absence of a basis for his discharge. He produced many witnesses and a great deal of documentary evidence. The examination and cross examination of the witnesses consumed over 500 pages of transcript. The evidence was to a large extent upon this determinative issue. At the conclusion of the evidence of the plaintiff, the chancellor was of the opinion that good cause for the discharge had been shown. Under these circumstances it would be a waste of judicial labor to take further testimony from the defendant on this issue. Routh v. Richards, 103 Fla. 757, 138 So. 72.
Appellant’s second point presents a question as to whether, under the testimony presented and the allegations of his complaint, he was entitled to an accounting from the corporation as to the business done in his former territory of Puerto Rico during the years 1960, 1961 and 1962. His claim is that he is entitled to additional compensation because of the provision in the employment contract which provides that this compensation shall not in any year commencing after January 1, 1962, be less than the compensation received for the period ending December 31, 1961.
The evidence shows that the appellant was furnished an annual statement -by the accounting firm retained by the corporation. If this statement is accepted as correct, there are no additional sums due to the plaintiff, appellant, for the period that he worked.
The plaintiff has attacked the financial statement furnished him in several particulars. He presented some evidence from an expert witness that certain items were improperly included as expenses in the annual statement for the year 1961. This testimony was not refuted inasmuch as the defendants produced no witnesses. Under this condition of the record, we think that the plaintiff appellant is entitled to a determination of the question as to whether a proper method of accounting was used in the preparation of the annual statement which the corporation used in determining his compensation. We therefore conclude that this issue must be tried and that the decree must be reversed insofar as it denies at this stage to the plaintiff his prayer for an accounting.
A reference to paragraph designated “E” of the final decree will reveal that the chancellor denied the motion of the defendant, The Wackenhut Corporation, to hold in abeyance Count IV of its counterclaim. This counterclaim was for any sums due The Wackenhut Corporation if an accounting was ordered. The chancellor denied the motion and found for the plaintiff on the counterclaim. It is apparent that the basis of this action was the chancellor’s previous finding that the plaintiff, appellant, was not entitled to an accounting. Because we hold this last finding to be error, we must, in order to allow the chancellor to do equity, also reverse the ruling on the designated counterclaim. Therefore, we affirm paragraph “E” of the final decree except as to the ruling on Count IV of the counterclaim of the defendant, The Wackenhut Corporation, and reverse the ruling on Count IV.
The final decree is therefore affirmed in part and reversed in part, and the cause remanded with directions to proceed with the trial of the issue of the entitlement of the plaintiff to an accounting, and, if proper, to a determination of said accounting.
Affirmed in part, reversed in part and remanded.